**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0832n.06

No. 13-4484

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Nov 03, 2014*
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| ESTEBAN NOLASCO-GASPAR, | ) |
| | ) |
| Petitioner, | ) |
| | ) ON PETITION FOR REVIEW |
| v. | ) FROM THE UNITED STATES |
| | ) BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) APPEALS |
| | ) |
| Respondent. | ) |

BEFORE: MCKEAGUE and KETHLEDGE, Circuit Judges; BERTELSMAN, District Judge.[*]

PER CURIAM. Esteban Nolasco-Gaspar, a citizen of Guatemala, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of an immigration judge (IJ) denying his motion to suppress evidence and ordering his removal to Guatemala.

Nolasco-Gaspar accompanied a friend to a court hearing one day. After the hearing, while his friend waited in line to pay a fine, Nolasco-Gaspar took a seat in the hallway. Federal immigration officials approached his friend and arrested him on the basis of an outstanding order of removal. The officials then asked Nolasco-Gaspar for his identification and immigration status. Nolasco-Gaspar twice claimed to have legal status, but when the officers told him that did not check out, he admitted to having entered this country illegally years earlier. He was then

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

also arrested and placed in removal proceedings. Nolasco-Gaspar did not seek any form of relief from removal, but filed a motion to suppress his statements to the immigration officers, alleging that the officers had violated his Fourth and Fifth Amendment rights and federal regulations. The IJ denied the motion and subsequently ordered Nolasco-Gaspar's removal to Guatemala. The BIA agreed with the IJ's decision and dismissed Nolasco-Gaspar's appeal. Nolasco-Gaspar reasserts his arguments before this court.

The exclusionary rule does not apply in immigration proceedings absent an egregious violation of the Fourth Amendment. *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050-51 (1984). Nolasco-Gaspar cites *Almeida-Amaral v. Gonzales*, 461 F.3d 231, 235-37 (2d Cir. 2006), as authority for the proposition that a stop based solely on race is such an egregious violation. However, in that case, the court found that there was no evidence that the petitioner's stop was based solely on his race. Here, Nolasco-Gaspar had accompanied his friend to court. The friend had an outstanding order of deportation and was arrested by immigration officers who then asked Nolasco-Gaspar for his identification and proof of immigration status. Thus, it appears that Nolasco-Gaspar's association with the arrested friend was likely the basis for the officers' questions, and there is no evidence that he was questioned solely because he is Hispanic. Similarly, we found no violation in *United States v. Navarro-Diaz*, 420 F.3d 581, 587 (6th Cir. 2005), where the defendant and his companions were asked for identification while in a hotel room where drugs were being used and guns were found, and he was not merely the target of a random attempt to determine whether he was an illegal alien. Accordingly, we agree with the BIA's conclusion that no egregious violation of the Fourth Amendment was established in this case.

Nolasco-Gaspar also claims that the immigration officers violated his Fifth Amendment rights and 8 C.F.R. § 287.8(c)(2)(vii) by using "threats, coercion or physical abuse." *See Kandamar v. Gonzales*, 464 F.3d 65, 71 (1st Cir. 2006). However, Nolasco-Gaspar's affidavit only stated that the officers were "aggressive" and not that he was threatened, coerced, or physically abused. Therefore, we agree that the motion to suppress was properly denied on this ground as well.

The petition for review is accordingly denied.